UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVE HENLEY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 3:98-0672 |
| ) | JUDGE ECHOLS |
| RICKY BELL, Warden, Riverbend ) | |
| Maximum Security Institution, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Steve Henley filed a Motion To Hold Certificate of Appealability Inapplicable Or, In The Alternative, For A Certificate Of Appealability. (Docket Entry No. 156.) Respondent Ricky Bell has not had an opportunity to respond to the motion.

On January 27, 2009, the Court denied Petitioner's Motion For Equitable Relief From Judgment, (Docket Entry No. 144), which was brought under Federal Rule of Civil Procedure 60(b)(3), 60(b)(6), 60(d)(1) and 60(d)(3). Petitioner has filed a Notice of Appeal (Docket Entry No. 155) and now asks the Court to dispense with the requirement of a Certificate of Appealability or, alternatively, to grant a Certificate of Appealability.

As Petitioner himself points out, the Sixth Circuit, following eight other federal circuits, has clearly held that an inmate seeking to appeal from the denial of a Rule 60(b) motion is required to obtain a Certificate of Appealability. United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007). See also Harbison v. Bell, 503 F.3d 566 (6th Cir. 2007). The published Hardin case is binding precedent on district courts, and this Court will follow the case without re-visiting here whether a Certificate of Appealability is required to appeal a decision denying a Rule 60(b) motion.

1

Having determined that Petitioner requires a Certificate of Appealability to proceed on appeal, the Court denies the motion for a Certificate of Appealability. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court dismisses a claim on procedural grounds without reaching the merits of the underlying constitutional claim, a Certificate of Appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Stated another way, a prisoner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Banks v. Dretke, 540 U.S. 668, 705 (2004) (citing Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)).

In the Rule 60(b) motion, Petitioner argued that a fraud had been perpetrated on this Court during the habeas proceeding because the State's attorneys knew, and did not reveal, that the prosecution made a deal with co-defendant Terry Flatt to not oppose his early release from prison in exchange for his testimony against Petitioner. In addition to ruling that certain aspects of the motion were time-barred, the Court determined that Petitioner did not present any evidence that the attorneys for the State handling Petitioner's federal habeas petition had any knowledge of a deal with Flatt and withheld it from the Court. The Court also noted that Flatt refused to submit a sworn statement that such a deal existed, and the Sixth Circuit previously held that Petitioner procedurally

2

defaulted any claims concerning the existence of a deal because he failed to raise them in state post-conviction proceedings that continued six years after Flatt left prison.  See Workman v. Bell, 484 F.3d 837 (6th Cir. 2007) (denying motion for stay of execution where inmate did not show district court abused its discretion in denying a Rule 60(b) motion alleging fraud on the court during federal habeas proceeding and thus, petitioner could not show likelihood of success on the merits to warrant a stay).

The Court finds that its January 27 Order denied Petitioner's Rule 60(b) motion on procedural grounds.  As such, the Court further finds that Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.  Even if the Court's January 27 Order could be even remotely construed as a ruling on the merits of Petitioner's claim, Petitioner has not demonstrated "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

Accordingly, Petitioner's Motion To Hold Certificate of Appealability Inapplicable Or, In The Alternative, For A Certificate Of Appealability (Docket Entry No. 156) is hereby DENIED.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

3