# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEVE HENLEY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 3:98-0672 |
| ) | JUDGE ECHOLS |
| RICKY BELL, Warden, Riverbend ) | |
| Maximum Security Institution, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On the afternoon of Friday, January 30, 2009, the Court received a Motion (Docket Entry No. 158) requesting this Court rule on Petitioner's prior "Motion to Authorize Federally-Appointed Counsel to Represent Petitioner in State Clemency Proceedings" (Docket Entry No. 133). This motion was filed by Petitioner Steve Henley on October 21, 2008, under 18 U.S.C. Section 3599(e) requesting that this Court authorize his federally appointed habeas counsel to represent him in a state clemency proceeding. On November 18, 2008, this Court answered Petitioner's request by stating in its Order as follows:

> Under Sixth Circuit law, § 3599(e) does not authorize payment of federal compensation for legal representation in a state clemency proceeding. Harbison v. Bell, 503 F.3d 566, 570 (6th Cir. 2007) (relying on House v. Bell, 332 F.3d 997, 998-999 (6th Cir. 2003) (en banc)). The Harbison decision is in accord with cases from the Fifth, Eighth and Eleventh Circuits, see Clark v. Johnson, 278 F.3d 459 (5th Cir. 2002); Hill v. Lockhart, 992 F.2d 801 (8th Cir. 1993); and King v. Moore, 312 F.3d 1365 (11th Cir. 2002), but it conflicts with the Tenth Circuit's opinion in Hain v. Mullin, 436 F.3d 1168 (10th Cir. 2006) (en banc).
>
> On June 23, 2008, the Supreme Court granted certiorari in Harbison to resolve whether counsel appointed pursuant to § 3599(e) to represent a state death-sentenced defendant in a § 2254 habeas proceeding may also represent the defendant in subsequent state clemency proceedings when the defendant is otherwise unrepresented. The Supreme Court has scheduled oral argument in the Harbison case on January 12, 2009.

> . . . .
>
> . . . Nothing prevents current counsel, who have represented Petitioner for ten years, from pursuing an executive clemency application on behalf of Petitioner in advance of the scheduled execution date. As in <u>Clark</u>, 278 F.3d at 460, and <u>Hain</u>, 436 F.3d at 1170-1171, the question whether federal counsel will receive compensation for providing legal services to Petitioner in connection with a clemency application may be decided in the future, even post-execution.

(Docket Entry No. 142 at 2, 3-4).

<u>Harbison v. Bell</u>, 503 F.3d 566 (6th Cir. 2007) is instructive to Petitioner regarding the necessity of obtaining a certificate of appealability (COA) in a denial of the motion to appoint a federally-appointed counsel to provide Petitioner with legal representation in such a state court proceeding. Under <u>Harbison</u>, a COA should not be granted under such circumstance, and if an appeal is taken, a COA would not be necessary. Even if a COA was necessary, Petitioner's request for a COA is hereby DENIED.

For the reasons stated above and as indicated in the Court's previous Order of November 18, 2008, the aforesaid Motion for Ruling on Petitioner's Motion to Authorize a Federally-Appointed Counsel to Represent Petition in State Clemency Proceedings (Docket Entry No. 158) is DENIED.

It is so ORDERED.

                                                                  _____
                                                                  ROBERT L. ECHOLS
                                                                  UNITED STATES DISTRICT JUDGE